The next case on for argument is, sorry, Amy Thomas from Mamakating. Mr. Dorfman, I'm sorry. I said hold on. We want to get the horse out of the barn, but we're going to let it happen. Just give me a minute, please. And we'll start you over again. Mr. Dorfman, hi. Good afternoon, and may it please the Court. My name is Leo Dorfman. I'm from Sokoloff Stern, LLP, and I admire the Court's persistence in getting right into zoning issues at this time of day. While I say zoning, I think — I'm sorry? I say zoning, but this case is really, I think, more about principles of comedy and Federalism and how we apply them to very, very local State court proceedings. This is a classic, almost textbook case of Williamson ripeness, right in line with this Court's precedent in Doherty v. North Hempstead. The landowner here has been going through a process with the Town of Mamakating for several years, going back and forth. She's been approved several times to do the project that she wants to do, and now, at this point, still has several avenues, at least two avenues of relief from the Mamakating, that she can pursue. One — Scalia, proceeding. That's a third one. One would be a variance from the zoning board to allow her to do the extraction operations on the property. Another one would be to continue along with the planning board and see if she could complete her project without the need for those variances, which originally she had site plan approval to do. She could put in her pool, put in her barn, without doing the expanded extraction and mining work that — Extraction and mining, meaning that there are sand hills on the property? We're talking about the removal of sand and earth material is what we're talking about. For — Sure. Either for sale or for use elsewhere, there's a big problem in New York State generally of landowners taking down hills and flattening earth, and both the state and the town have regulations to prevent that or to allow it in only limited circumstances. Sure. So from the beginning of this case, and I think the documents, the extensive record submitted with the complaint really bears this out, the town has been approving Mrs. Thomas' projects, and every time she's been going beyond those approvals to take down and take out more materials than is necessary. And this isn't just town officials saying this. The engineers that the town hires to do these — to analyze these issues has been saying the same thing. So to kind of make a shorter story of it, I think that it's pretty clear under Doherty, under Williamson ripeness, that the claims just aren't ripe for consideration. What maybe is a little bit less clear, and it's something that, standing here now, I think I wish we'd devoted a little bit more time to in our briefs, is the Article 78 issue, because she did bring Article 78 claims in with her Federal claims into Federal court. Okay. So if it's not an Article 78 proceeding, it's Article 78 claiming in Federal court? Correct. Okay. The landowner never brought an Article 78 claim in State court, as we would argue would have been appropriate. What she did instead was brought several Federal claims, substantive due process, procedural due process, brought those into Federal court with her Article 78 proceeding, nine separate Article 78 claims, 850 paragraphs of a complaint. I should have brought it single-sided for effect, but it's double-sided here. And some 800 pages of exhibits to boot. Now, that is appropriate in an Article 78 proceeding in State court, perhaps. But it's not appropriate under Rule 8 in Federal court. And why do I even bring that up? It's because we argued in the district court, on the district court level, that the district courts, the Federal courts, lack jurisdiction in the first place or should not be exercising jurisdiction in the first place over Article 78 proceedings. And there is a good wealth of district court decisions on that point, but this court has never spoken on it. The district court did not take us up on that argument and instead dismissed on ripeness grounds. And so if we agree with the district court, we don't need to touch that issue either, right? You don't need to touch that issue, but you might be implicitly saying that there would be subject matter jurisdiction if the Article 78 claim were ripe. So the worry then is that if this Court issues a decision and says it's not ripe, then maybe at some point Mrs. Thomas gets to come back to district court again and say, well, look, here's my Article 78 claim, now it is ripe because I took these other steps. And really, Article 78 isn't just a claim. It's a set of procedures under State law that allow for expedited briefing, expedited summary decision without the need for discovery. That favors both the applicant and it favors the municipality because we can get these things decided much more quickly. If you bring those claims into Federal court, which we see quite a bit, what happens is those procedures are stripped away. And so they're stripped from both the plaintiff and from the defendant who no longer has the benefit. The municipality no longer has the benefit of that expedited procedure. So the other reasons why the Federal court might not want to exercise or should not exercise jurisdiction in the first instance over an Article 78 are the same reasons that underlie ripeness analysis. These are hyperlocal issues best suited for the most local courts, and we know that because Article 78 says that the claim shall be brought in the district in the county where the determination is made, which means you have a right under Article 78 to have your claim decided on judges who, for better or worse, are elected in the county where you're bringing your claim. That's another thing that is stripped away, another right that's stripped away when the Federal courts take up the claim. And these are hyperlocal claims. You know, the judge might, in the county, might know exactly the area, exactly what it looks like. I see I'm already over my time, but you're not even having to argue against something. But I just... I'm sorry. I considered that, yeah. Let me help you wind up. Sure. I'm interested in the Article 78 proceeding. I haven't been around that long, but I haven't seen an Article 78 paired with, I'm not disputing that they are, but paired with some due process claim, if you will, for the amendment takings claim. And the district courts are actually hearing these Article 78 proceedings? I mean, what's the jurisdiction that is being argued to the district? Supplemental jurisdiction. Supplemental jurisdiction is what's being argued to the district courts. Some district courts reject that argument and dismiss the claims. Other district courts allow the claims to proceed through discovery and then get kind of worked out in the wash, whether through summary judgment or eventually through trial. Most decisions we see are district courts declining to exercise jurisdiction. But, again, this Court hasn't opined on that, and we think it should. The issue hasn't gotten to us in a way that is a ripe controversy. The reason I bring it up today and press the issue today is because I think actually this case really highlights, because of the breadth of the complaint and the filing and the way that it goes in through the minutia of the process, the back and forth going with the municipality emails to the town attorneys, it really highlights why the Federal Court generally prefers to stay out of these kind of small, hyperlocal issues and why it might be appropriate for the Court to rule in this instance that it's unwise to exercise jurisdiction. But perhaps not an abuse of discretion, which is how we review supplemental jurisdictions, right? Well, I think that the Court could make a per se rule that in Article 78 matters because of the special nature of an Article 78 proceeding that it would be an abuse of discretion generally to exercise jurisdiction over such claims. I think, if I'm not incorrect, in most of the districts, this is just a quick aside and then we'll let you sit down, Mr. Dorfman, or let you retire, just from here, not in real life. It may behoove a bench bar discussion. And I suspect there's a land use section or whatever that might want to take that on as a project, but that may be a more fruitful way of getting the issue addressed than us sort of issuing an advisory opinion. Sounds like I have a Federal Bar Council topic. You may. Once it gets lined up, some of us may attend. Anyway, thank you very much.